UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DON MACALLISTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-02933 (UNA) |
| ) | |
| UNITED STATES ) | |
| FEDERAL GOVERNMENT, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* application and, for the reasons discussed below, dismisses this matter without prejudice.

Plaintiff sues the federal government and the Environmental Protection Agency for assorted equitable relief and $2 billion in damages. *See* Compl. at 1, 4–5. He contends that he developed technology that charges electric vehicles within 5 seconds, and that although Defendants are aware of his invention, they have intentionally concealed its existence from Congress and the American public, instead promoting more costly, inefficient, and hazardous vehicle technology. *See id.* at 1–2. He alleges that Defendants have contravened 31 U.S.C. § 1105, breached its fiduciary duty, and violated his First and Fifteenth Amendment rights. *See id.* at 2–3.

First, the United States, its agencies, and its officials, are immune from damages suit unless its immunity is waived expressly. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Plaintiff carries the burden to establish

the existence of a waiver, *see Kokkonen*, 511 U.S. at 377, and the absence of a waiver of sovereign immunity deprives the courts of subject-matter jurisdiction. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

Here, the Government has not waived sovereign immunity. Plaintiff cites broadly to the Administrative Procedure Act ("APA"), *see* Compl. at 3, but the APA only waives immunity for non-monetary claims against federal agencies, *see id.* § 702; *Cohen v. United States*, 650 F.3d 717, 723 (D.C. Cir. 2011) (en banc) ("[T]here is no doubt Congress lifted the bar of sovereign immunity in actions not seeking money damages."). And here, Plaintiff explicitly seeks monetary damages. Moreover, the APA requires a "final agency action" prior to judicial review, and there is no indication that Plaintiff received such a determination. *See* 5 U.S.C. § 704; *see also McCoy v. Cardamone*, 646 F. Supp. 1143, 1144–45 (D.D.C. 1986). Further, it is unclear what obligation, if any, the EPA has, under the APA or any other statute, to otherwise comply with Plaintiff's demands regarding his technology.

Second, 31 U.S.C. § 1105, "the statutory predecessor of [31 U.S.C.] § 5317(b)[,]" *United States v. Demurgas*, 656 F. Supp. 1537, 1539 (E.D.N.Y. 1987), of the Bank Secrecy Act of 1970, outlines the President's responsibilities in preparing the federal budget and governs its submission to Congress, but § 1105 does not afford a private right of action, granting enforcement authority only to the Secretary of the Treasury, *see* 31 U.S.C. § 1105; *Trudel v. SunTrust Bank*, 223 F. Supp. 3d 71, 91 (D.D.C. 2016); *Clarke v. Leading Hotels of the World, Ltd.*, No. 15-0008, 2015 WL 6686568, at *4 (S.D.N.Y. Oct. 29, 2015).

Third, to whatever extent Plaintiff alleges that the Government breached a duty to him or violated his constitutional rights, this Court cannot exercise jurisdiction. The Tucker Act, 28 U.S.C. § 1491, gives the U.S. Court of Federal Claims jurisdiction to render judgment upon any

claim against the United States founded either upon the Constitution, any Act of Congress, any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases that are not sounded in tort. This grant of jurisdiction to the Court of Federal Claims is "exclusive," but "only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the [Court of Federal Claims]." *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988). Absent other grounds for jurisdiction, a claim is subject to the Tucker Act's stringent jurisdictional restrictions if, in whole or in part, it explicitly or "in essence" seeks more than $10,000 in monetary relief from the federal government. *See Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967–68 (D.C. Cir. 1982); *Heller, Ehrman, White & MacAuliffe v. Babbitt*, 992 F.2d 360, 363 (D.C. Cir. 1993) (a plaintiff "may not, by creatively framing their complaint, circumvent a congressional grant of exclusive jurisdiction"). Here, Plaintiff's complaint seeks far more than $10,000.

And even if Plaintiff could raise his claims in this Court, Plaintiff has largely failed to explain—beyond formulaic recitations—how Defendants' actions have affected his fundamental rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) ("bare assertions" of "constitutional discrimination claim" are "not entitled to be assumed true"). Simply put, "[e]vents may not have unfolded as plaintiff wished, but his dissatisfaction" does not, standing alone, create a constitutional violation. *See Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). Indeed, "the mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam)).

For all of these reasons, this case is dismissed without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

Date: November 27, 2024

/s/_____
ANA C. REYES
United States District Judge